**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37970**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 405 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 24, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ADAM RICHARD COCHRAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin Ray Simpson, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of three years for rape, and order relinquishing jurisdiction, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Adam Richard Cochran pled guilty to rape. I.C. § 18-6001. The district court sentenced Cochran to a unified term of fifteen years, with a minimum period of confinement of five years but retained jurisdiction. Thereafter, the district court relinquished jurisdiction and reduced the determinate portion of Cochran's sentence to three years. Cochran appeals, challenging the court's relinquishment of jurisdiction and failure to further reduce his sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State*

*v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Cochran has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Therefore, Cochran's judgment of conviction and sentence, and the district court's orders relinquishing jurisdiction and modifying the sentence to fifteen years with three years determinate without further modification are affirmed.